a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AJONG LEONEL NZUH #A 213 315 457,<br>Plaintiff | CIVIL DOCKET NO. 1:20-CV-01691<br>SEC P |
| VERSUS | JUDGE JOSEPH |
| CHAD WOLF,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

ORDER

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 filed by *pro se* Petitioner Ajong Leonel Nzuh (A#213315457) ("Nzuh"). Nzuh is a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE") detained at the Winn Correctional Center in Winnfield, Louisiana. Nzuh seeks release due to prolonged detention and alleged medical vulnerabilities. ECF NO. 1 at 6.

Because additional facts are necessary to support Nzuh's claims, Nzuh must AMEND his Petition.

I.   Background

Nzuh provides no information regarding his nationality or citizenship. He does not allege the dates or circumstances under which he was ordered removed. ECF No. 1. Nzuh only alleges that he has been detained for an unconstitutional period of time in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 5. Nzuh also claims

that his continued detention is unlawful due to the coronavirus pandemic and his particular medical vulnerabilities. ECF Nos. 1, 2.

Nzuh's Petition is not signed. ECF No. 1 at 8. The Petition was mailed to the Clerk from an address in Pennsylvania.

## II. Law and Analysis

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final order of removal. *Id.* at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period. In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the Fifth Circuit Court of Appeals reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support his claim. *Id.*

Nzuh alleges that he has been in post-removal detention for over six months. ECF No. 1. But Nzuh does not allege any reason why his removal is unlikely to occur

2

in the reasonably foreseeable future. Nzuh must provide factual and evidentiary support for this conclusory claim.

Nzuh shall also state what country he is from, the date on which he was ordered removed, and whether travel documents have ever been issued. Nzuh is further instructed to provide the Court with a copy of his order of removal and any post-removal order custody reviews or decisions to continue detention that he has received.

Nzuh claims that he should also be released because he has numerous serious medical issues which are being improperly treated. ECF No. 1. Nzuh must amend his Petition to describe these medical issues and state what treatment he is being denied. Nzuh should attach any documentary evidence that supports his claim that he suffers from serious medical issues.

Finally, under Rule 3.2 of the Local Rules for the Western District of Louisiana, every *pro se* petition seeking a writ of habeas corpus must be signed by the petitioner. Nzuh did not sign his Petition.

Therefore, IT IS ORDERED that the Clerk send this Order to Nzuh along with a copy of the signature page for Nzuh to sign. The signature page and the amended petition must be signed by Nzuh, not a person filing on his behalf.

IT IS FURTHER ORDERED that Nzuh amend his Petition (ECF No. 1) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further

required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, January 25, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4