a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| AJONG LEONEL NZUH #A 213 315 457, <br> Plaintiff | CIVIL DOCKET NO. 1:20-CV-01691 <br> SEC P |
| VERSUS | JUDGE JOSEPH |
| CHAD WOLF, <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) and a Motion for a Temporary Restraining Order ("TRO") and Complaint for Injunctive Relief (ECF No. 6) filed by *pro se* Petitioner Ajong Leonel Nzuh (A#213315457) ("Nzuh"). Nzuh is a detainee in the custody of the U.S. Immigration and Customs Enforcement ("ICE") detained at the Winn Correctional Center in Winnfield, Louisiana. Nzuh seeks release due to prolonged detention and alleged medical vulnerabilities. ECF NO. 1 at 6.

Because Nzuh's Petition (ECF No. 1) is unsigned, his Motion for TRO (ECF No. 6) is not verified or accompanied by an affidavit, and he has failed to comply with the Court's Order (ECF No. 7) to Amend and sign his Petition, Nzuh's Motion and Petition should be DISMISSED.

1

I. <u>Background</u>

Nzuh's unsigned Petition provides no information regarding his nationality or citizenship. He does not allege the dates or circumstances under which he was ordered removed. ECF No. 1. Nzuh only alleges that he has been detained for an unconstitutional period of time in violation of *Zadvydas v. Davis*, 533 U.S. 678 (2001). ECF No. 5 at 1. Nzuh also claims that his continued detention is unlawful due to the coronavirus pandemic and his particular medical vulnerabilities. ECF Nos. 1, 2.

Due to the lack of a signature and the inadequate information provided in the Petition, Nzuh was ordered to submit a signed, amended petition providing facts to support his *Zadvydas* claim. ECF No. 7. The response was due by February 24, 2021. *Id.* Nzuh has failed to comply with the Court's Order.

Nzuh also filed an unsigned Motion for Temporary Restraining Order ("TRO") seeking relief under § 2241. ECF No. 6.

II. <u>Law and Analysis</u>

First, Nzuh's Petition and Motion for Temporary TRO are not signed. Under Rule 3.2 of the Local Rules for the Western District of Louisiana, every *pro se* petition seeking a writ of habeas corpus must be signed by the petitioner.

Additionally, under Rule 65 of the Federal Rules of Civil Procedure, a TRO may only be issued if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65. Not only is Nzuh's Motion for TRO not verified or accompanied by an affidavit, it is not even

signed. ECF No. 6. The Motion was also mailed to the Court from an address in Pennsylvania, while Nzuh is detained in Louisiana. *Id.*

Next, a district court may dismiss an action for the plaintiff's failure to prosecute or to comply with any order. Fed. R. Civ. P. 41(b). A court possesses the inherent authority to dismiss the action *sua sponte*. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Nzuh has also failed to comply with the Court's Order (ECF No. 7) to amend and sign his Petition, and he has not requested an extension of time within which to comply.

### III. Conclusion

Because Nzuh's Petition (ECF No. 1) is unsigned, his Motion for TRO (ECF No. 6) is not verified or accompanied by an affidavit, and he has failed to comply with the Court's Order (ECF No. 7) to Amend and sign his Petition, IT IS RECOMMENDED that the Motion for TRO (ECF No. 6) be DENIED and the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Wednesday, March 17, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE